OPINION
Relator-appellant Stephen Wellman appeals the August 31, 1999 Judgment Entry entered by the Stark County Court of Common Pleas, dismissing appellant's Petition for Writ of Mandamus. Respondents-appellees are the Jackson High School Board of Education, its President, and the Building Principal.
 STATEMENT OF THE FACTS AND CASE
On May 17, 1999, appellant filed a Petition for Writ of Mandamus in the Stark County Court of Common Pleas, seeking the issuance of a writ of mandamus compelling appellees to issue appellant credit in a Spanish II course based upon an earned grade of "C" for the academic year of 1997 — 1998. Appellees filed a timely answer on June 10, 1999. The trial court scheduled a status call for June 30, 1999. On July 1, 1999, the trial court issued a Case Management Order, which provided: The following case management schedule has been set for the above-captioned matter as follows:
1) The discovery cut-off date is July 26, 1999.
2) Stipulations to be filed on or before July 26, 1999.
3) Briefs due on or before August 9, 1999.
4) Responsive briefs due on or before August 20, 1999.
An evidentiary hearing will be held on August 23, 1999, at 11:00 a.m., in Courtroom 101.
Via Hearing Order filed July 30, 1999, the trial court again notified the parties of the scheduled evidentiary hearing on August 23, 1999. The hearing order also provided the parties with details relative to the filing of witness lists, and exhibits and exhibit indexes for the evidentiary hearing as well as the use of depositions at the evidentiary hearing. The parties filed joint stipulations on August 3, 1999. On August 9, 1999, appellant filed a Memorandum of Relator in Support of Writ of Mandamus, and appellees filed a Motion for Summary Judgment. On August 13, 1999, the trial court conducted a telephone conference with the parties to review the procedures for the August 23, 1999 evidentiary hearing. Appellant filed a Memorandum of Relator in Opposition to Respondents' Motion for Summary Judgment with affidavits as well as a Request for Peremptory Writ on August 20, 1999. Appellant did not appear at the August 23, 1999 hearing. Via Judgment Entry filed August 23, 1999, the trial court advised appellant the action would be dismissed with prejudice for failure to prosecute unless he showed cause on or before August 30, 1999, as to why the matter should not be dismissed. The judgment entry noted appellant had received notice of the evidentiary hearing via the Case Management Order filed July 1, 1999 and the Hearing Order filed July 30, 1999. The trial court also noted the August 13, 1999 conference call, during which the court reviewed the procedures for the evidentiary hearing. On August 27, 1999, appellant filed a Motion for Writ of Mandamus. Appellant never showed cause why he failed to attend the August 23, 1999 evidentiary hearing. Via Judgment Entry dated August 31, 1999, the trial court dismissed appellant's case with prejudice. It is from this judgment entry appellant appeals, raising as his sole assignment of error:
 THE COURT ABUSED ITS DISCRETION WHEN IT DISMISSED THE RELATOR'S WRIT FOR FAILURE TO PROSECUTE.
This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Herein, appellant maintains the trial court abused its discretion in dismissing his petition for a writ of mandamus for failure to prosecute. Civ.R. 41(B) provides, in pertinent part: (1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
Additionally, Stark County Local Rule 14.05 reads, in pertinent part: * * * If a party or counsel appears for trial but indicates the party or counsel is not ready for trial without showing good cause for unreadiness, the Court, if such party is one seeking affirmative relief, may enter an order dismissing the claim for want of prosecution. * * *
The record reveals the trial court notified appellant of the August 23, 1999 evidentiary hearing date via Case Management Order filed July 1, 1999, and again via Hearing Order filed July 30, 1999. The record also reflects the trial court held a conference call with the parties on August 13, 1999, in order to review the procedures for the August 23, 1999 evidentiary hearing. After appellant failed to appear at the hearing, the trial court issued a judgment entry in which it notified appellant the matter would be dismissed with prejudice for failure to prosecute unless appellant showed cause on or before August 30, 1999, as to why the trial court should not do so. Thereafter, appellant filed a memorandum in opposition to appellees' motion for summary judgment, but was silent regarding why he failed to appear at the August 23, 1999 evidentiary hearing. We find the trial court properly notified appellant of its intent to dismiss the action and provided appellant with an opportunity to show cause. Accordingly, we find the trial court did not abuse its discretion in dismissing appellant's Petition for Writ of Mandamus for failure to prosecute. Appellant's sole assignment is overruled.
The judgment entry of the Stark County Court of Common Pleas is affirmed.
By: HOFFMAN, J. GWIN, P.J. and EDWARDS, J. concur.